IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: August 26, 2010**



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 7 |
| ELIZABETH WOLDRICH ) | CASE NO. 2:08-bk-17307-RJH |
| Debtor. ) | |
| TICOR TITLE INSURANCE CO., ) | ADVERSARY NO. 2:09-ap-00242-RJH |
| Plaintiff, ) | |
| v. ) | CASE MANAGEMENT ORDER |
| ELIZABETH WOLDRICH, ) | |
| Defendant. ) | |

The issue here is whether Plaintiff has a right to a jury trial on the issue of damages and how that issue should be tried in relation to trial of the dischargeability issue.

**Background Facts**

Together with her husband, Elizabeth Woldrich purchased a printing business from A to Z Printing for a down payment of $590,000 and a carry-back promissory note for $1.45 million. The carry-back note was secured by a second deed of trust against the Woldriches' residence. Three years later, the Woldrichs sought to refinance the first lien on their residence with a new loan from Countrywide Home Loans. In order to close that new loan, Countrywide's title company, Fidelity National Title Company, required a release and reconveyance of the second deed of trust in favor of A to Z. The Woldriches therefore provided Fidelity with a release and reconveyance that appeared to have been executed by A to Z and acknowledged by a public notary.

Plaintiff in this nondischargeability action, Ticor Title Insurance Co., alleges that both the A to Z signature and the notarization on the deed of release and reconveyance were forgeries. Ticor is the plaintiff here because the Woldriches subseqently refinanced the Countrywide loan with a new loan from World Savings Bank, and Ticor acted as the title company insuring the World Savings Bank loan. Ticor alleges that it is related to Fidelity and relied on the release and reconveyance in Fidelity's escrow file when it agreed to insure World Savings Bank's lien as being in first position. Apparently, Fidelity had never recorded the release and reconveyance that it was provided by the Woldriches, and Ticor did not record it either.

Subsequently, the World Savings Bank lien was refinanced by a new loan from Virtual Bank. LandAmerica Transnation was the escrow agent and title insurer for Virtual Bank, and it also discovered that there had been no recorded release and reconveyance of the A to Z second lien. The Woldriches allegedly provided LandAmerica with the same forged deed of release and reconveyance and LandAmerica relied on that to insure Virtual Bank as being in first position. Again, apparently, no one recorded the forged release and reconveyance.

Finally, in January of 2006, the Woldriches again refinanced their first lien with a new million dollar loan from New Century Mortgage Corp. (a loan that was subsequently acquired by Washington Mutual Bank). Stewart Title Guaranty acted as escrow agent and title insurer for the New Century refinance. Stewart Title discovered the A to Z second deed of trust. But instead of asking the Woldriches for a deed of release and reconveyance, Stewart Title requested an indemnity agreement from Ticor. Relying on the allegedly forged deed of release and reconveyance, Ticor agreed to indemnify Stewart Title for it to insure the New Century lien as being in first position.

In February of 2007, A to Z sought a judicial foreclosure of its second deed of trust. A to Z alleged that its lien took priority over the Washington Mutual deed of trust. Washington Mutual therefore made a claim against Stewart Title under its insurance policy, and Stewart Title in turn demanded indemnification from Ticor pursuant to the indemnification agreement.

Elizabeth Woldrich filed this Chapter 7 case in 2008. Ticor has brought this adversary proceeding seeking two distinct kinds of judgment: first, a money judgment for damages arising from Ticor's reliance on the allegedly forged deed of release and reconveyance, and, second, a judgment determining that Woldrich's debt to Ticor is nondischargeable in her bankruptcy case either on the ground that it arises from fraud[1] or from willful and malicious injury.[2]

Ticor has not filed a proof of claim in this bankruptcy case, and this appears to be a no-asset case in which creditors were advised that there is no need to file a proof of claim unless and until the Trustee determines there are assets available for distribution. Ticor also filed a timely demand for jury trial.[3] Ticor also moved for the District Court to withdraw the reference pursuant to 28 U.S.C. § 157(d).[4]

Recently, the District Court denied that motion for withdrawal of the reference, without prejudice. In doing so, the District Court noted that the Bankruptcy Court is capable of determining whether Ticor has a jury trial right on the liability and damages questions. It also noted that the necessity of deciding that question will become apparent when the Bankruptcy Court rules on the dischargeability issue. The Court cited a case decided by the Bankruptcy Appellate Panel in which the Bankruptcy Court had found a debt to be dischargeable, which effectively mooted the issue of whether there was a jury trial right on the liability

---

[1] 11 U.S.C. § 523(a)(2)(A).

[2] 11 U.S.C. § 523(a)(6).

[3] Bankruptcy Rule 9015 incorporates F.R.Civ.P. Rule 38(b), which requires that a jury trial demand be served within 14 days after the last pleading directed to the issue to be tried. Bankruptcy Rule 9015(a) makes clear that this jury trial demand must be filed in the Bankruptcy Court, even though the Bankruptcy Court may not conduct a jury trial unless both parties consent and the District Court authorizes the Bankruptcy Court to conduct such a jury trial, pursuant to Bankruptcy Rule 9015(b).

[4] 28 U.S.C. § 157(d) provides: "The District Court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. Bankruptcy Rule 5011(a) provides that such a motion for withdrawal shall be heard by the District Court. Local Bankruptcy Rule 5011-2(a) provides that a motion for withdrawal of reference must be filed with the Bankruptcy Court Clerk, who then shall transfer the motion promptly to the District Court Clerk for assignment to a District Judge."

determination.[5]

**Analysis**

The District Court's decision effectively implies that this Court might decide the dischargeability issue, and that that determination might either resolve or clarify the jury trial issue on liability. And a review of the facts as alleged in the complaint suggests that the District Court's prediction may be entirely correct.

The complaint alleges that Debtor provided Fidelity with a forged deed of release and reconveyance of a deed of trust in favor of A to Z Printing, which also contained a forged acknowledgment. The complaint alleges that Ticor relied on that forged document in deciding to issue title insurance to insure a new first lien on the Debtor's house.

If Ticor could prove that Debtor had provided Ticor a forged deed of release and that Ticor suffered a loss on the debt it incurred when it insured the new lender, it seems fairly clear that debt would be nondischargeable as a debt incurred by Debtor's fraud within the scope of Bankruptcy Code § 523(a)(2).

But those are not all of the salient facts. The complaint makes clear that Ticor never suffered a loss on the insurance policy it issued in reliance upon the Debtor's allegedly forged deed of release and reconveyance. Ticor suffered no loss on that insurance policy because its insured was fully paid off when there was another refinancing, this time insured by LandAmerica Transnation. And then there was another refinancing, which was insured by Stewart Title.

Ticor alleges that it ultimately did suffer a loss, however, because it had agreed to indemnify Stewart Title. That loss, however, was not occasioned by the insurance policy for which Ticor had relied on the forged release, but rather on account of the indemnity that Ticor had given Stewart Title, for which Ticor had asked nothing of the Debtor.

Although not all of the elements of common law fraud are specifically identified in

---

[5] *In re Hooper*, 112 B.R. 1009, 1013 (9th Cir. BAP 1990).

4

Code § 523(a)(2), Ninth Circuit case law effectively holds they must all be proven. These include proximate causation, a right to rely, reasonable reliance and the debtor's intent that the recipient of the false statement rely on it.[6] While all of these elements might easily be proven if Ticor had suffered a loss on account of an insurance policy that it issued when it first relied on the allegedly forged satisfaction of the second lien, they will be more difficult to prove with respect to Ticor's voluntary indemnification of the fourth title company. The greater difficulty of proving those elements arises primarily from the fact that it does not appear the Debtor either implicitly or explicitly asked Ticor to indemnify the fourth title company. Indeed, the Debtor may not even have known about the indemnity, or the likelihood that Ticor would rely on the allegedly forged release in giving such an indemnity. In fact, the Debtor never gave the forged document to Ticor, but only to Fidelity, who has suffered no loss and is not suing the Debtor.

Moreover, while Ticor can probably establish "but for" causation in fact – Ticor would not have issued the indemnity and suffered a loss on account of it but for the fact that it had received the alleged forged release from the Fidelity's files – the Debtor may also be able to establish that the actual, proximate cause of Ticor's loss was not the forged release itself but either Fidelity's or Ticor's failure to record it. If either of them had recorded the release, none of the title companies involved in the third and fourth refinancings would have had occasion to inquire of Ticor. Those subsequent title companies would have relied on the recorded document. And while someone would ultimately suffer a loss if the release was proven to be a forgery, that loss would not have been Ticor's.

It therefore appears, from the facts as alleged in the complaint, that even if Ticor can prove some liability of the Debtor to Ticor, Ticor may not be able to prove all of the elements necessary to render that liability nondischargeable under § 523(a)(2). And because of the specific intent element of § 523(a)(6)[7] it may similarly be unable to prove

---

[6]*In re Ettell*. 188 F.3d 1141, 1144 (9th Cir. 1999) (proximate cause and intent to deceive); *In re Eashi*, 87 F.3d 1082, 1090 (9th Cir. 1996) (justifiable reliance).

[7]*Barboza v. New Form, Inc.*, 545 F.3d 702 (9th Cir. 2008); *Carrillo v. Su*, 290 F.3d 1140 (9th Cir. 2002).

nondischargeability under that section.

It therefore makes sense to litigate and determine the nondischargeability issue first, and then to litigate separately the amount of the liability only if it is determined there could be some liability that is nondischargeable under § 523(a)(2) or (a)(6). Because there is no jury trial right on the issue of dischargeability,[8] these elements must be litigated to the Court. And it may be that some of them can be resolved as questions of law based on facts that are stipulated solely for purposes of the motion.

For these reasons,

IT IS ORDERED that the Court will bifurcate the trial and will try the nondischargeability issues first. The parties are directed to meet and confer and then appear for a status conference on August 30, 2010, at 10:00 a.m. to determine how and when those nondischargeability issues shall be tried to the Court.

DATED AND SIGNED ABOVE

Copy of the foregoing mailed/e-mailed
this 26th day of August, 2010, to:

John Maston O'Neal, Esq.
Quarles & Brady LLP
john.oneal@quarles.com
Attorney for Plaintiff

Patricia Beary, Esq.
Beary Law Offices PLC
beary@bearylawoffices.com
Attorney for Defendant

Honorable G. Murray Snow
United States District Judge
Sandra Day O'Connor Courthouse, Suite 622
401 West Washington Street, SPC 80
Phoenix, AZ 85003

 /s/ Pat Denk
Judicial Assistant

---

[8] *In re Locke*, 205 B.R. 592, 599-600 (9th Cir. BAP 1996).

6

Case 2:09-ap-00242-RJH    Doc 43    Filed 08/26/10    Entered 08/27/10 07:26:58    Desc
Main Document    Page 6 of 6